IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GEORGE M. ADJABENG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-CV-568 |
| | ) | |
| GLAXOSMITHKLINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on various motions to seal filed by both parties. (Docs. 56, 68, 79.) Further, the Court is revisiting its ruling on an earlier motion to seal filed by defendant GlaxoSmithKline, LLC, which the Court granted pending a ruling on the summary judgment motion. (*See* Doc. 50 (ruling on motion to seal at Doc. 39).) The Court will grant the motions in part, deny them in part, and hold the matter open as to the allegedly confidential business information.

GSK seeks to redact and file under seal certain information in its summary judgment brief and exhibits thereto, in plaintiff George Adjabeng's summary judgment brief and exhibits thereto, and in its reply brief and exhibits thereto. This information falls into two categories: allegedly confidential business information, and information about disciplinary action taken against other GSK employees. One of these employees, Mr. Grimes, was Mr. Adjabeng's co-worker and allegedly committed the acts which Mr. Adjabeng contends resulted in a hostile work environment. Another employee, Mr. M., has no direct connection to the underlying events surrounding Mr. Adjabeng's employment; rather, Mr. Adjabeng offers this employee as a

comparator in an effort to show that the other employee was treated more leniently than Mr. Adjabeng when performance issues arose. The remaining employees also experienced personnel actions at GSK, but are less central to the parties' contentions.

Redacted copies of the briefs and exhibits are on file, and unredacted copies are before the Court under seal at the ECF Document Number indicated:

| Document | Redacted Copy | Unredacted Copy |
|---|---|---|
| GSK's Summary Judgment Brief | 39-1 | 52 |
| Exhibits to GSK's Summary Judgment Motion | 42-1, 42-2, 42-3, 42-4 | 52-1 |
| Plaintiff's Brief in Opposition | 61 | 62 |
| GSK's Reply Brief | 74 | 82 |
| Exhibits to GSK's Reply Brief | 79-2, 79-3, 79-4 | 83, 84, 85 |

The Court has compared the redacted copies with the unredacted copies in order to determine if the redactions are appropriate.

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

"As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotation marks and alteration omitted). For materials submitted

in connection with summary judgment, the public has a First Amendment Right of access and a party must offer a compelling reason to keep these documents under seal. *Id.* at 578-79. However, to the extent the documents are not relevant to the adjudicative process, no right of access applies. *See In re Application of United States for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283, 290-91 (4th Cir. 2013) (holding that a "judicial record," to which a right of access may apply, are those documents that are used in the adjudicative process); *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995) (holding that documents filed in connection with a motion to dismiss were not judicial records because they were not considered by the court in adjudication of the motion).

The pending motions to seal have been on file some several weeks, and no member of the public has objected or sought to be heard. The plaintiff has not filed specific objections to the defendant's motions, though early briefs indicate a general objection. (*See* Docs. 36, 56.)

GSK contends that the employees whose personnel information is the subject of this motion have privacy interests which should be protected and that their names and the details of personnel actions taken should not be made public. (*See* Doc. 69 at 2-3.) None of these employees is party to the lawsuit. Courts have recognized the privacy interests of non-parties against the First Amendment right of access, *see Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *3-4 (M.D.N.C. July 19, 2013) (collecting cases), but these interests will not always justify sealing. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 624-27 (S.D.N.Y. 2011).

Balancing these interests with the First Amendment right of access, the Court will not seal information related to Mr. Grimes. Mr. Adjabeng made public accusations related to Mr. Grimes in the complaint, so his name is already public. It is necessary and appropriate to explain on the record why those accusations do not warrant a trial, and the personnel action against Mr.

3

Grimes is central to the disposition of some of Mr. Adjabeng's claims.  GSK has the burden of proof here, and its motions are conclusory and without citation to any authority supporting the proposition that co-worker identity and/or information should be sealed.  In the absence of a compelling reason to seal this critical information, the Court declines to do so.[1]

The information on Mr. M. is similarly critical.  It shows that Mr. Adjabeng's argument that he was treated differently than similarly situated employees is without merit.  While the information about Mr. M. is critical, his name is not.  Unlike Mr. Grimes, Mr. M.'s name does not already appear in the public record.  Publicly connecting Mr. M. with his otherwise confidential personnel information could harm or embarrass him, and such interests, where there is no countervailing reason, have been found to outweigh the First Amendment right of access.  *See Robinson*, 2013 WL 3791770, at *3-4, *9.  Given that Mr. M.'s name is not important to the disposition of the case, it is appropriate to seal his personnel information and keep his name out of the public record in order to protect his privacy interests.  The Court sees no less drastic action than sealing only his name.  GSK's motion to seal is granted as to Mr. M.'s name.

As to the other employee personnel actions, the privacy interests of these non-parties again weigh in favor of sealing and there is no significant countervailing interest.  As potential comparators, they were not involved in the underlying events and their names are not crucial or even important to the Court's decision.  The Court grants the motion to seal as to both the individual names and the associated personnel actions.

---

[1] The Court has identified the following references to Mr. Grimes and his personnel actions that should be unredacted: Doc. 39-1 at 5, 6, 7 nn. 7 & 8, 17, 19, 24-27, 29, 31; Doc. 42-1 at 19, 30; Doc. 42-2 at 13; Doc. 42-3 at 2; Doc. 42-4 at 53, 58; Doc. 61 at 4, 16, 19; Doc. 61-18 at 11, 17, 18; Doc. 61-21 at 2; Doc. 61-23 at 9-11; Doc. 61-26 at 3; Doc. 61-27 at 1; Doc. 74 at 7; Doc. 79-1 at 2; Doc. 79-3 at 2.

GSK also moves to seal "confidential, proprietary and trade secret information" that appears in the summary judgment materials. (Doc. 68 at 1.) In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate. *See Bayer Cropscience Inc. v. Syngenta Crop Protection, LLC*, No. 1:13-CV-316, 2013 WL 5703212, at *2-3 (M.D.N.C. Oct. 17, 2013); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). However, claims of confidentiality cannot be made indiscriminately and without evidentiary support, even in patent cases where such claims are highly likely to be valid. *See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09-290, 2013 WL 1336204, at *8-9 (W.D. Pa. Mar. 29, 2013); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012).

In this case, it is not apparent from looking at the information that it is obviously confidential, nor is it obvious that disclosure would harm GSK. While GSK contends in its brief that its competitive and financial interests would be harmed by public disclosure of this information because intellectual property is core to its business and would be valuable to its competitors, (Doc. 69 at 3), there is no evidence supporting these contentions. Statements in a brief are not evidence and are insufficient to justify a motion to seal, at least in the absence of a stipulation or joint representation by all parties which details the confidential nature of the information. *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013); *see also INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (declining to consider "[c]ounsel's unsupported assertions in respondent's brief" as evidence); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1358 (4th Cir. 1995) (holding jury was properly instructed that counsel's statements are not evidence); *Estrella v. Brandt*, 682 F.2d 814, 819-20 (9th Cir.

1982) (holding legal memoranda and oral argument are not evidence); *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence.").

The Court cannot grant GSK's motion to seal its allegedly confidential business information without evidentiary support. In the exercise of its discretion, the Court will give GSK additional time to file more detailed evidentiary support for sealing the allegedly confidential business information. This matter will remain open and the materials will remain under seal pending GSK's additional submissions. If GSK does not provide additional support by the deadline below, the Court will enter an order unsealing the redacted information.[2]

Finally, the Court will not disturb any redaction in accord with Federal Rule of Civil Procedure 5.2(a). Any personal identifiers covered by that rule, including Mr. Adjabeng's date of birth, shall remain under seal.

The plaintiff's motion to seal, (Doc. 56), is moot. For reasons previously stated, (*see* Doc. 59), the Court will strike the exhibits plaintiff seeks to seal for violation of the Local Rules.

It is **ORDERED** that no later than February 17, 2014, GSK may file affidavits and documentary support for its claims that redacted information is confidential and proprietary business information the disclosure of which would cause GSK competitive harm.

This the 5th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court anticipates entering an order that requires GSK to file on the public docket copies of the various briefs and exhibits which redact the information the Court orders sealed and which do not redact the information the Court has refused to seal.